Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
440 N. Barranca Ave., #1228
Covina, CA 91723
phone 310 919 3310

**James E. Goodley** (*seeking admission pro hac vice*)
**Ryan P. McCarthy** (*seeking admission pro hac vice*)
**GOODLEY MCCARTHY LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER RAMEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCALE AI, INC.; OUTLIER AI, INC.; and HIREART, INC.<br><br>Defendants. | Case No. 3:24-cv-06999<br><br>**Plaintiff's Original Class Action Complaint for Damages**<br><br>1. Violation of Federal WARN Act (29 U.S.C. §§ 2101 *et seq.*)<br>2. Violation of California WARN Act (Cal. Lab. Code §§ 1400 *et seq.*) |

Plaintiff Tyler Ramey ("Ramey" or "Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Class Action Complaint against Scale AI, Inc. ("Scale AI") and Outlier AI, Inc. ("Outlier AI") (collectively "AI Defendants"), and HireArt, Inc. ("HireArt") (collectively, "Defendants"), seeking all available relief under the Federal WARN Act, 29 U.S.C. §§ 2101 *et seq.* ("Federal WARN") and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.* ("Cal. WARN").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Federal WARN claim pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

2. This Court has jurisdiction over the Cal. WARN claim, Cal. Lab. Code §§ 1400 *et seq.*, pursuant to 28 U.S.C. § 1367 because it is so related to the federal WARN claim in its original jurisdiction that both claims form part of the same case or controversy.

3. Plaintiff brings this claim for violation of the Federal WARN Act, 29 U.S.C. §§ 2101 *et. seq.* and the Cal. WARN Act, Cal. Lab. Code §§ 1400 *et seq.*, (collectively "WARN Acts") on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), and Fed. R. Civ P. 23(a).

4. Venue is proper pursuant 28 U.S.C. § 1391(b) because Defendants Scale AI and Outlier AI each reside in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

**INTRADISTRICT ASSIGNMENT**

5. A substantial part of the events or omissions giving rise to the claim occurred in the City and County of San Francisco, California.

6. This matter is therefore properly assigned to the District's San Francisco or Oakland Divisions. Civ. L.R. 3-2(d).

**PARTIES**

7. Plaintiff Ramey is an adult male who resides in Windsor, New York. Plaintiff worked as an employee for Defendants on a full-time basis from on or about February 6, 2024 until on or about August 26, 2024.

8. Defendant Scale AI is a Delaware for-profit corporation with corporate headquarters at 155 5th Street, Suite 600, San Francisco, California, 94103.

9. Scale AI describes its business and services as follows:

> **Our Mission**
>
> The age of AI is here. Generative AI has the potential to unseat incumbents, catapult new leaders, or solidify existing moats.
>
> Every industry, from the private sector to public sector is rethinking their strategies to incorporate AI. Despite this explosion in interest, there is no blueprint for organizations to go from inception to deployment for their AI initiatives.
>
> Our products for image annotation, semantic segmentation, 3D point cloud annotation, and LIDAR and RADAR annotation are used by industry leaders and provide world-class accuracy.
>
> Our proprietary Data Engine powers the most advanced LLMs, generative models, and computer vision models with high-quality data. We then apply our experience partnering with leading AI companies building these models to help more organizations customize and Apply AI in their organizations.
>
> . . .

See https://scale.com/careers#open-roles (last accessed 10/3/2024).

10. Defendant Outlier AI is a Delaware for-profit corporation with corporate headquarters at 360 22nd Street, Suite 600, Oakland, California, 94612.

11. AI Defendants are in the business of providing software (including artificial intelligence) creation services for large clients including the U.S. Government, Microsoft and Meta.

12. AI Defendants are together a single employer and an integrated entity, in that they share the same or similar facilities (Headquarters), the same or similar employees, possessed common financial ownership and control, and common human resources and management personnel.

13. Defendant HireArt is a Delaware for-profit corporation with corporate headquarters at 135 W 29th Street St, Suite 500, New York, NY 10010.

14. HireArt advertises itself to prospective clients (such as clients AI Defendants) as an "Employer of Record" (also known as a Professional Employer Organization):

Parmet PC

> As an Employer of Record (EOR), HireArt takes on the administrative and legal responsibilities of hiring, employing, and managing workers on behalf of a client company. By serving as the official employer, the EOR handles various aspects of employment, including payroll, benefits administration, taxes, workers' compensation, **compliance with labor laws**, and human resources management.
>
> Companies often use EOR services to save costs, streamline their operations, reduce administrative burdens, and ensure compliance with local and international labor laws. This is especially useful when expanding into new markets or hiring remote employees in different jurisdictions. EORs enable businesses to focus on their core functions while the EOR manages the complexities of employment and compliance.

See https://www.hireart.com/eor (last accessed October 3, 2024) (emphasis added)

15. AI Defendants and HireArt acted as joint employers of Plaintiff and the Class Members in that they shared or codetermined control of the employment of Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

16. During all relevant timeperiods, Plaintiff worked remotely from his home in Windsor, New York and reported virtually to AI Defendants' corporate office at 155 5th Street, Suite 600, San Francisco, California (the "AI Headquarters").

17. Plaintiff served in the role as an employee Contributor Success Manager for AI Defendants. His duties included auditing and managing the work of approximately 80-140 software coders and similar AI Defendants employees.

18. Plaintiff and Class Members reported in person and/or virtually to AI Defendants' management located at AI Headquarters.

19. During all times relevant to this lawsuit, AI Defendants contractually engaged Defendant HireArt to, among other things: hire Plaintiff and the Class, issue their paychecks, provide their employee benefits, and handle payroll tax and labor law (including WARN Act) compliance issues. During all times relevant to this lawsuit, AI Defendants vetoed, ratified

and/or approved HireArt's actions relating to Plaintiff and the Class.

20. AI Defendants directly supervised and controlled the work of Plaintiff and all Class Members.

21. On or about August 26, 2024, Plaintiff and the other employees who reported to AI Headquarters were notified by Defendant HireArt that their employment was terminated, effective immediately.[1]

22. AI Defendants directed Defendant HireArt to terminate the employment of Plaintiff and Class Members without prior notice.

23. AI Defendants are together a single employer and an integrated entity, in that they share the same or similar facilities (Headquarters and Surrounding Facilities), the same or similar employees, possessed common financial ownership and control, and common human resources and management personnel.

24. Plaintiff brings Counts I and II on behalf of himself and on behalf of all other similarly situated former workers, pursuant to 29 U.S.C. § 2104(a)(5) and Cal. Lab. Code § 1404, who worked at, reported to, or received assignments from AI Defendants' Headquarters and were terminated without cause beginning on or about August 26, 2024, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered (the "Class").

25. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

---

[1] *See* Inc., Aug. 27, 2024, "Scale AI Lays Off Workers Via Email With No Warning." (available at: https://www.inc.com/sam-blum/scale-ai-lays-off-workers-via-email-with-no-warning.html last accessed 10/3/2024).

26. Defendants employed and/or employs more than 1,000 people in the United States and more than 75 people in the state of California.

27. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

28. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

    a. whether the Class Members were employees of one or more of Defendants who worked at or reported to AI Defendants' Headquarters in San Francisco;

    b. whether one or more of Defendants unlawfully terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice in violation of the Federal and/or California WARN Acts;

    c. whether one or more of Defendants can prove that any exemptions under the Federal and/or California WARN Acts apply; and

    d. whether Defendant unlawfully failed to pay the Federal WARN Class members 60 days wages and benefits as required by Federal WARN Acts.

29. Plaintiff's claims are typical of those of the Class Members.

30. Plaintiff, like other Class Members, reported to AI Defendants' Headquarters in San Francisco and was terminated without cause beginning on or about August 26, 2024, due to the mass layoff, termination of operations, and/or transfer of operations ordered by Defendants.

31. Plaintiff will fairly and adequately protect the interests of the Class Members as its representative. Plaintiff has retained counsel competent and experienced in complex

class actions, especially employment litigation.

32. On or about August 26, 2024, Defendants terminated Plaintiff's and Class Members' employment as part of a mass layoff as defined by 29 U.S.C. § 2101(a)(2), (3) of Federal WARN Act and Cal. Lab. Code § 1400.5 of the Cal. WARN Act, for which the Class Members were entitled to receive 60 days advance written notice.

33. Defendants' August 26, 2024 termination of Class Members' employment failed to provide them with the 60-day advanced notice required under 29 U.S.C. § 2102 and Cal. Lab. Code § 1401.

34. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

35. Class certification will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

36. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

37. The Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

38. A class action is further superior to other available methods for adjudication of this controversy in that joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class Members, while substantial, are not great enough to enable them

to maintain separate suits against Defendants.

39. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and Class Members. Plaintiff envisions no difficulty in the management of this action as a class action.

40. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF THE FEDERAL WARN ACT

41. Plaintiff realleges and incorporate by reference all of the allegations contained within the preceding paragraphs.

42. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

43. A "mass layoff" means a reduction in force which is not the result of a transfer or termination of operations and results in employment loss at an establishment during any 30-day period for 50 or more of the employees at or reporting to the place of employment. 29 U.S.C. § 2101(a)(3).

44. At all relevant times, Defendants were each an "employer," within the meaning of 29 U.S.C. § 2101(a)(1).

45. Plaintiff and each Class Member are "aggrieved employees" of Defendant as defined in 29 U.S.C. § 2104 (a)(7).

46. Defendants continued to operate their businesses until they decided to order a mass layoff at AI Defendants' Headquarters.

47. On or about August 26, 2024, Defendants ordered a mass layoff at AI Defendants' Headquarters which resulted in the loss of employment of more than 500

individuals.

48. Defendants' mass layoff or plant closing at AI Defendants' Headquarters resulted in "employment losses," as defined by 29 U.S.C. §2101(a)(2),(3).

49. At least 500 of Defendants' employees at AI Defendants' Headquarters as defined by 29 U.S.C. § 2101(a)(8), were terminated.

50. Plaintiff and Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff ordered by Defendants at AI Defendants' Headquarters.

51. Defendants were required by the Federal WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

52. Plaintiff and the Class Members have suffered damages by Defendants' failure to comply with the Federal WARN Act's requirements.

## COUNT II
## VIOLATION OF THE CALIFORNIA WARN ACT

53. Plaintiffs reallege and incorporate all prior paragraphs as if full set forth herein.

54. Under the Cal. WARN Act, a "mass layoff" means a "separation from a position for lack of funds or lack of work" during any 30-day period for 50 or more employees at at a facility that "employs or has employed within the preceding 12 months, 75 or more persons." Cal. Lab. Code § 1400.5.

55. At all relevant times, Defendants were each an "employer," within the meaning of the Cal. WARN Act. *Id*.

56. The Cal. WARN Act requires employers to provide 60 days advance written notice each employee who experience an employment loss due to a mass termination. Cal. Lab. Code § 1401.

57. The Cal. WARN Act states that if an employer provides any employee with less than 60 days advance notification of a mass layoff, the employer shall provide that employee with 60 days of back wages and benefits.  Cal. Lab. Code § 1402.

58. Defendants failed to provide Plaintiff and Class Members with the 60-days advance written notice of the August 26, 2024 mass layoff with respect to AI Defendants' Headquarters, that is required by the Cal. WARN Act.

59. Plaintiff and Class Members have suffered damages by Defendants' failure to comply with the Cal. WARN Act's requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief individually and on behalf of all others similarly situated:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Notice to the putative WARN Class Members pursuant to Fed. R. Civ. P. 23;

C. Designation of Plaintiff as Class Representative on behalf of the Class;

D. Appointment of the undersigned attorneys as Class Counsel for the Class;

E. A judgment against Defendants in favor of Plaintiff and the Class Members in an amount equal to the sum of their daily unpaid wages and benefits for a total of 60 working days, in accordance with 29 U.S.C. § 2104 (a)(1)(A); and Cal. Lab. Code § 1402.

Dated: October 6, 2024

Respectfully submitted,

By: _/s/ Matthew S. Parmet_____
   **Matthew S. Parmet**
**PARMET PC**

**James E. Goodley***
**Ryan P. McCarthy***
**GOODLEY MCCARTHY LLC**

* *Pro Hac Vice Application to be Filed*

**Attorneys for Plaintiff**